# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| TERRY REYNOLDS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV415-207 |
| SHERIFF AL ST. LAWRENCE, CHATHAM COUNTY SHERIFF DEPARTMENT, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Terry Reynolds has presented for filing a handwritten "Petition for Writ of Habeas Corpus" challenging his placement in disciplinary segregation at the Chatham County Detention Complex, where he is currently detained on state misdemeanor and probation violation charges. Doc. 1. As he is indigent, the Court grants his request to proceed *in forma pauperis*. Doc. 2.

Reynolds contends that he was issued an Inmate Disciplinary Report for fighting and simple assault on June 30, 2015. *Id.* at 2. When he declined to waive his right to a disciplinary hearing contingent upon

the acceptance of 15 days of "disciplinary sanctions," *id.* at 2, his jailers held a hearing and then imposed "twenty (20) days of lockdown and loss of privileges." *Id.* at 3. He filed an administrative appeal contending that the disciplinary hearing was "not conducted in accordance with procedural standards." *Id.* While prison officials found "'sufficient evidence to support the charges,'" they "'approved' his appeal" because "'policy and procedure was not followed'" and "'dismissed'" his sanction. *Id.* at 4 (quoting from appeal ruling issued July 10, 2015).

Despite this favorable outcome, Reynolds contends that as of the date he submitted his petition to this Court, he was "still confined under the stigma of disciplinary detention in unit 2D." *Id.* at 4. At that time, he had served 11 days of disciplinary segregation, including 5 days before and 6 days *after* his successful administrative appeal. *Id.*

Reynolds asks this Court to hold a hearing inquiring into the reason he continues to be held under "restrictive conditions" even though his disciplinary sanctions were dismissed. *Id.* at 6. He seeks habeas relief requiring that he be "relocat[ed]" from restrictive detention to the general jail population, and he wants his jailer subjected to a $1,500 per day civil contempt sanction (with the funds contributed to a

2

local homeless shelter of his choice) until this done. *Id.* Finally, he wants the Court to "monitor" his classification status to ensure that he is not placed in administrative segregation or "retaliatory status." *Id.*

To the extent that Reynolds' filing may be considered a proper habeas petition under 28 U.S.C. § 2241,[1] it must be dismissed for lack of exhaustion. While § 2241 does not contain an exhaustion requirement resembling that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1974) ("[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions."); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, J., concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). Georgia law

---

[1] Section 2241 provides a habeas remedy to state pretrial detainees who are held in violation of the Constitution, laws, or treaties of the United States. *Hughes v. Attorney Gen. of Florida*, 377 F.3d 1258, 1261 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 n. 1 (11th Cir. 1988) ("pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.").

3

affords pretrial detainees the right to "seek a writ of habeas corpus to inquire into the legality of the restraint" on their liberty. O.C.G.A. § 9-14-1(a); *Fields v. Tankersley*, 487 F. Supp. 1389 (S.D. Ga. 1980) (Georgia detainee under indictment for murder must exhaust his available state remedies before seeking federal habeas review of state court's denial of bail). Reynolds may not seek federal habeas relief in this court before exhausting his available state remedies.

It is questionable, however, whether Reynolds is entitled to seek redress under the federal habeas statute for his placement in disciplinary segregation and, even if he is, whether there remains a live "case or controversy" for this Court to decide. The writ of habeas corpus is the exclusive federal remedy for a state prisoner or detainee who "seeks either immediate release from confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *id.* at 484 ("the traditional function of the writ is to secure release from illegal custody"); *id.* at 500 (the writ provides the "sole federal remedy" for a challenge to "the very fact or duration of . . . physical imprisonment"). The habeas remedy also applies, however, in some instances where the petitioner is "seeking something less than complete freedom." *Graham v.*

*Broglin*, 922 F.2d 379, 381 (7th Cir. 1991) (noting that habeas corpus is the proper remedy for claiming entitlement to probation, bond, or parole, even though petitioner will not be free from all state restraint). In *Graham*, Judge Posner suggested "the following generalization":

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody -- whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, *or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation* -- then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement in his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative he seeks.

922 F.2d at 381 (emphasis added). The Court acknowledged that the line separating a "quantum change in the level of custody" from a simple transfer to more restrictive conditions "is not a sharp one." *Id.* (prisoner's claim that he is entitled to work release may not be brought as a habeas action); *see also Hendershot v. Scibana*, 2004 WL 1354371 at * 3 (W.D. Wis. June 10, 2004) (noting that the Seventh Circuit "has not

5

clearly defined what constitutes 'a quantum change in the level of custody' and what does not.").[2]

Reynolds claims that he was placed in "restrictive confinement" as a disciplinary sanction, but he does not describe the particular nature of that confinement. If he was subjected to solitary confinement, then Seventh Circuit precedent would entitle him to seek redress under the federal habeas corpus statute (*after* exhausting all available state remedies). But if his disciplinary segregation, though more restrictive than general population, fell short of a "quantum change in the level of custody," then his remedy would lie under § 1983 rather than habeas

---

[2] Despite *Graham's* holding that habeas corpus may sometimes be the appropriate vehicle for challenging dramatically more restrictive confinement, the Seventh Circuit has since expressed "some doubt" whether a prisoner's placement in disciplinary segregation for a period of 3 years should be brought under the federal habeas statute or under 42 U.S.C. § 1983. *Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998) (Easterbrook, J.) (noting that removal from general population and placement in segregation may not implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995), and therefore would not qualify as "custody" for purposes of the habeas statute); *see also United States v. Harris*, 12 F.3d 735, (7th Cir. 1994) ( Posner, J.) (noting that locking a prisoner in his cell for 23 hours a day as a disciplinary sanction would give rise to a habeas claim for loss of a liberty interest "*provided* . . . that he has been given by statute or regulation an entitlement to the less restrictive confinement") (emphasis added); *but see Hendershot*, 2004 WL 1354371 at * 3 (under *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999), whether a prisoner is challenging his "custody" under the habeas statute presents a different question from whether he has been deprived of his liberty under the due process clause).

corpus.³ *See Falcon v. United States Bureau of Prisons*, 52 F.3d 137 (7th Cir. 1995) (pretrial detainee could not use the habeas writ to challenge his transfer from a less restrictive detention facility to a more restrictive one, even though the new facility was then under a 23-hour lockdown); *Young v. Gordy*, 2015 WL 1125394 at * 2 (M.D. Ala. Mar. 12, 2015) (placing prisoner in disciplinary segregation and depriving him of certain privileges "not cognizable in a federal habeas action"); *Alegria v. Godinez*, 2013 WL 4538985 (S.D. Ill. Aug. 27, 2013) (a request to be removed from segregation and placed back in general population "is equivalent to seeking a different program or environment, and is not cognizable in a habeas action"); *Rodrigues*, 2009 WL 3414934 at * 2 (prisoner's mere transfer from a lower security FCI facility to a more restrictive federal penitentiary did not involve a "quantum change in the level of custody" akin to solitary confinement, and therefore he could not seek habeas relief under § 2241).

---

³ Even if Reynolds has mislabeled his claim as a habeas action, the Court declines to construe it as a § 1983 complaint, for then he would face the pitfalls of the Prison Litigation Reform Act, including a higher filing fee (which would be collected from his prison account as funds became available) and the accumulation of a "strike" if his action is determined to be frivolous or legally insufficient. *Young*, 2015 WL 1125394 at * 2; *Rodrigues v. Sherrod*, 2009 WL 3414934 (S.D. Ill. Oct. 20, 2009).

Further, a close reading of his petition suggests that he has completed his 20-day disciplinary "sentence" and has since been released from segregation into the general prison population.[4] If so, then Reynolds would have the burden of showing that he nevertheless continues to suffer some "collateral consequences" (as a result of the already-served disciplinary sanction) sufficient to prevent a finding of mootness. *Spencer v. Kemna*, 523 U.S. 1 (1998) (the expiration of Spencer's parole-revocation sentence caused his habeas petition to become moot, as his failure to show any continuing "collateral consequences" of the revocation order meant that the court was no longer presented with an Article III "case or controversy"); *Henard v. Miller*, 191 F.3d 456 (7th Cir. 1999) (unpublished) (habeas petitioner's release from disciplinary segregation while his case was pending mooted his petition); *Loth v. Guzik*, 2001 WL 649650 at * 3 (N.D. Tex. May 16, 2001) (habeas petitioner's release mooted his challenge to the imposition of prison disciplinary segregation, as he was not suffering any continuing consequences from that sanction, and "the mere possibility of future

---

[4] Reynolds states that, due to "the complete negligence of staff," he was required to remain in restrictive confinement "equal to the disciplinary sanction" even though he won his appeal and had his "sanction dismissed." Doc. 1 at 4, 5. Regardless of this alleged administrative error, it appears that Reynolds faced a maximum of 20 days in disciplinary segregation.

consequences is too speculative to give rise to a case or controversy"). The Court has found no case where a habeas challenge to an expired prison disciplinary sanction was found to satisfy the case-or-controversy requirement, so it is very likely that Reynolds' petition is now moot.

For the foregoing reasons, the Court should **DISMISS** Reynolds' petition for federal habeas corpus relief. His motion for a "Writ of Mandamus," which seeks substantially the same relief, is baseless and should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 25th day of August, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA