# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| TERRY REYNOLDS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV415-207 |
| SHERIFF AL ST. LAWRENCE, CHATHAM COUNTY SHERIFF DEPARTMENT, *et al.*, | ) |
| Defendants. | ) |

## ORDER

On August 25, 2015, this Court issued a Report and Recommendation (R&R) advising dismissal of inmate Terry Reynolds' habeas and mandamus petitions. Doc. 4. The district judge adopted it over seven months later, on March 31, 2016. Doc. 7. She directed that this case be closed, but the Clerk failed to prepare a Judgment (hence, the case is only "administratively closed" but since no final judgment has been entered, the case is still pending).

On April 11, 2016, Reynolds filed a "Memorandum," moved for an extension of time within which to file a Fed. R. Civ. P. 72(b) R&R

Objection, and also requests documents (a copy of the R&R). Docs. 8, 9 & 10. His filings show that he has never left the local jail (doc. 1 at 8; doc. 10-2), yet the R&R came back to the Court as "Mail Returned as Undeliverable," doc. 6-1, suggesting that the jail's mail-intake screening system malfunctioned. Reynolds evidently did receive the March 31, 2016 Adoption Order, as noted in his April 11, 2016 "Memorandum," "Motion For Extension of Time To File [R&R] Objection" and "Request for Documents." Docs. 8, 9 & 10. But the Adoption Order is in summary form and does not express the R&R's rationale.

Reynolds thus understandably wants a copy of the R&R, plus an extension time within which he may object to it. Doc. 10 (accusing jail officials of "tampering" with his mail; "it is evident that [jail] employees have therefore tampered with incoming legal mail because petitioner has not received any other responses from this case matter."). Because (1) no final judgment has been entered, and (2) the R&R bears subtle nuances about whether Reynolds stated a habeas or civil rights claim,[1]

---

[1] From that R&R:

> Reynolds claims that he was placed in "restrictive confinement" as a disciplinary sanction, but he does not describe the particular nature of that confinement. If he was subjected to solitary confinement, then Seventh Circuit precedent would entitle him to seek redress under the federal habeas corpus

2

the Court **GRANTS** his extension and documentation motions. Docs. 9 & 10. Accordingly, the Clerk is **DIRECTED** to include, with service of this Order upon Reynolds, a copy of the R&R (doc. 4). Reynolds must place his Rule 72(b) Objection to it in his jail's mail system by no later than May 27, 2016.

**SO ORDERED,** this __26th__ day of April, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

statute (after exhausting all available state remedies). But if his disciplinary segregation, though more restrictive than general population, fell short of a "quantum change in the level of custody," then his remedy would lie under § 1983 rather than habeas corpus.

Doc. 4 at 6-7.